**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Bash Haruty,**

**Plaintiff,**

**v.** **Case No.**

**SOSI International, LLC,**

**Defendant.**

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Bash Haruty** (hereinafter "Plaintiff" or "Haruty"), by and through undersigned counsel, brings this action against Defendant, SOS International LLC ("SOSi"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and appropriate equitable relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981 ("Section 1981"); and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01–760.11.

2. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

3. This Court has supplemental jurisdiction over the FCRA claims under 28 U.S.C. § 1367 because those claims arise from the same events as the federal claims.

4. Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b)(2). The challenged employment practices occurred in Tampa, Hillsborough County, Florida, and Plaintiff worked and would have continued working there but for the challenged actions.

## PARTIES

5. Plaintiff is a resident of Hillsborough County, Florida.

6. Defendant, SOS International LLC, is a limited liability company that conducts business and employed Plaintiff in Florida. Defendant is subject to personal jurisdiction in Florida because these claims arise from its employment of Plaintiff and its challenged employment practices in Florida.

7. At all relevant times, Defendant employed at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and was an employer within the meaning of Title VII and the FCRA.

## ADMINISTRATIVE EXHAUSTION

8. On or about July 16, 2025, Plaintiff filed a signed charge of discrimination with the EEOC, Charge No. 511-2025-04307, identifying Defendant

and asserting race discrimination, national origin discrimination, and retaliation arising from his May 2025 termination. The charge requested filing with both the EEOC and the Florida Commission on Human Relations ("FCHR").

9. The charge was timely filed within 300 days of the challenged practices for purposes of Title VII and within 365 days for purposes of the FCRA.

10. The EEOC issued Plaintiff a Notice of Right to Sue upon request after more than 180 days had elapsed following the filing of his charge. Plaintiff received the notice, and this action is brought within ninety days of receipt.

11. More than 180 days have elapsed since the charge was filed. Plaintiff proceeds on his FCRA claims under Fla. Stat. § 760.11(8), based on the absence of a reasonable-cause determination within that period. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

## FACTUAL ALLEGATIONS

12. Defendant employed Plaintiff as a Media Intelligence Analyst supporting the Joint Special Operations Command Web Operations Element at MacDill Air Force Base in Tampa, Florida, before the events at issue and through May 2025. His duties also included Kurdish-language engagement and operations research analysis.

13. Defendant performed this work as a subcontractor to General Dynamics Information Technology, Inc. ("GDIT"). Defendant was Plaintiff's employer; GDIT was the prime contractor.

14. Plaintiff is of Kurdish national origin and ethnic ancestry and his race is Arabic. During his employment, Plaintiff was subjected to discrimination based on his Kurdish ancestry and ethnic characteristics, not merely his place of origin or the languages he speaks.

15. Plaintiff was qualified for his position and satisfactorily performed his substantive duties, including work requiring English, Arabic, and Kurdish language skills.

16. In February 2024, LTC Angela Houston, the JSOC Web Operations Director, issued a commendation identifying Plaintiff among teammates recognized for exceptional contributions, work ethic, professionalism, competence, and institutional expertise.

17. Plaintiff experienced repeated accusations concerning his conduct and attendance that he disputed. In December 2023, he was accused of misconduct by supervisor Sabreen Hassan. Plaintiff reported racial targeting, and Defendant and GDIT investigated the accusation. Plaintiff maintains that the investigation substantiated racial targeting; the underlying investigation records are in the possession of Defendant and/or GDIT.

18. In July 2024, Plaintiff explained to Program Manager Daniel Pydeski that an absence involved earned flex time rather than paid time off. Pydeski acknowledged that no Cost Point PTO request was required and expressed confidence that Plaintiff was documenting and clearing his flex time with GDIT and the government. Pydeski also directed Plaintiff to keep his SOSi supervisor informed.

19. Faris Al-Bayati supervised Plaintiff for SOSi. Plaintiff reported to SOSi management and Human Resources that he was being targeted because of his race and Kurdish ancestry and national origin.

20. In early May 2025, Majid Ibrahim told Plaintiff at work that he was unwilling to work with him because Kurdish people supported Israelis. Ibrahim also made derogatory comments about Kurdish people not knowing how to make falafel in the presence of a GDIT task lead identified as Lee.

21. Ibrahim had worked for SOSi and, by the events immediately preceding Plaintiff's removal, was working for GDIT. Plaintiff reported the discriminatory remarks to SOSi's program management and Human Resources.

22. Plaintiff's complaints opposed discrimination based on race, Kurdish ancestry, and national origin. He held a good-faith, objectively reasonable belief that the discriminatory treatment was unlawful. Plaintiff made complaints before the

challenged termination decision, and SOSi management and Human Resources knew of his opposition before completing the termination process.

23. Ibrahim reported Plaintiff to the GDIT task lead. Plaintiff denies that he disparaged coworkers, admitted violating the contract, or engaged in the conduct attributed to him in connection with the May 2025 events.

24. On May 6, 2025, GDIT directed SOSi to remove and replace Plaintiff on the contract, citing disruptive behavior. Its written request acknowledged Plaintiff's work output but asserted that it no longer outweighed the disruption attributed to him.

25. On or about May 6, 2025, Plaintiff was directed to leave the workplace. Plaintiff denied the accusations and requested an explanation and an opportunity to respond.

26. Defendant removed Plaintiff from the contract and terminated his employment in May 2025. Removal from the contract and Defendant's internal termination process were distinct events. Defendant's Employee Action Request seeking involuntary termination bears Human Resources' digital signature dated May 8, 2025.

27. On May 9, 2025, Employee Relations Director Cassie Phongphouthai scheduled a May 12 meeting to discuss Plaintiff's workplace concerns. Plaintiff

supplied a written account of the discriminatory remarks and disputed accusations to Human Resources on May 12, 2025.

28. Although Defendant maintains that it investigated Plaintiff's concerns before deciding to terminate him, its termination-request documentation was signed on May 8, before the May 12 meeting scheduled to discuss those concerns.

29. Defendant relied on accusations of disruptive behavior, attendance problems, and unapproved PTO as reasons for ending Plaintiff's employment. Plaintiff disputes those reasons, including the characterization of his documented flex-time absence as unapproved PTO.

30. Defendant accepted and acted on adverse reports concerning Plaintiff despite his complaints of ethnic bias, his denial of the reported misconduct, and evidence supporting his performance. The close sequence of the ethnic remarks, adverse reports, discrimination complaints, removal, and termination, together with the chronology of the asserted investigation, supports an inference that the stated reasons were pretextual.

31. Defendant intentionally terminated Plaintiff because of his race and ethnic ancestry and national origin and in retaliation for opposing discrimination. These theories are pleaded in the alternative and are not dependent on Plaintiff proving that his national origin alone constitutes race.

32. As a result, Plaintiff lost wages, employment benefits, and employment opportunities and suffered emotional distress, mental anguish, humiliation, and loss of dignity.

## COUNT I — RACE AND ETHNIC-ANCESTRY DISCRIMINATION
## 42 U.S.C. § 1981

33. Plaintiff incorporates paragraphs 1 through 32, but no other count.

34. Plaintiff had a contractual employment relationship with Defendant, including the right to perform work and receive compensation and benefits.

35. Defendant intentionally discriminated against Plaintiff because of his race and Kurdish ethnic ancestry by terminating that employment relationship. The ethnic remarks and the adverse reports and termination described above reflect discrimination based on ancestry and ethnic characteristics.

36. Plaintiff's race and ethnic ancestry were a but-for cause of the termination and impairment of his contractual employment rights. But for that discrimination, Defendant would not have terminated him.

37. Defendant thereby violated 42 U.S.C. § 1981. Its intentional conduct caused the losses described above and was undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the applicable relief set out in the Prayer for Relief below.

**COUNT II — RACE DISCRIMINATION**
**Title VII, 42 U.S.C. § 2000e-2(a)**

38. Plaintiff incorporates paragraphs 1 through 32, but no other count.

39. Plaintiff belongs to a protected racial and ethnic group and was qualified for his position.

40. Defendant intentionally terminated Plaintiff because of his race and ethnic ancestry. His race and ethnic ancestry were a motivating factor in the termination, in violation of Title VII.

41. The ethnic remarks, the reports leading to removal, the disputed justifications, and the sequence of events described above support discriminatory intent. Defendant's conduct caused Plaintiff's economic and noneconomic losses and was undertaken with malice or reckless indifference to his federally protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the applicable relief set out in the Prayer for Relief below.

**COUNT III — NATIONAL ORIGIN DISCRIMINATION**
**Title VII, 42 U.S.C. § 2000e-2(a)**

42. Plaintiff incorporates paragraphs 1 through 32, but no other count.

43. Plaintiff is of Kurdish national origin and was qualified for his position.

44. Defendant intentionally terminated Plaintiff because of his Kurdish national origin. His national origin was a motivating factor in the termination, in violation of Title VII.

45. The anti-Kurdish remarks and the related reporting and termination events described above support discriminatory intent. Defendant's conduct caused Plaintiff's economic and noneconomic losses and was undertaken with malice or reckless indifference to his federally protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the applicable relief set out in the Prayer for Relief below.

**COUNT IV — RETALIATION**
**Title VII, 42 U.S.C. § 2000e-3(a)**

46. Plaintiff incorporates paragraphs 1 through 32, but no other count.

47. Plaintiff engaged in protected opposition by complaining to SOSi program management and Human Resources about the race- and national-origin-based remarks and treatment described above.

48. Plaintiff held a good-faith, objectively reasonable belief that the practices he opposed violated Title VII. Defendant knew of his protected opposition before completing the challenged termination decision.

49. Defendant terminated Plaintiff because of his protected opposition. Termination was materially adverse and would dissuade a reasonable worker from making or supporting a discrimination complaint.

50. Plaintiff's protected opposition was a but-for cause of Defendant's termination of his employment. But for that opposition, Defendant would not have terminated him. The timing and disputed investigation and termination chronology described above support this causal connection.

51. Defendant thereby violated Title VII and caused Plaintiff's economic and noneconomic losses. Defendant acted with malice or reckless indifference to his federally protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the applicable relief set out in the Prayer for Relief below.

## COUNT V — RACE DISCRIMINATION
**Fla. Stat. § 760.10(1)(a)**

52. Plaintiff incorporates paragraphs 1 through 32, but no other count.

53. Plaintiff belongs to a protected racial and ethnic group and was qualified for his position.

54. Defendant intentionally terminated Plaintiff because of his race and ethnic ancestry, in violation of Fla. Stat. § 760.10(1)(a). The discriminatory remarks and reporting and termination events described above support that causal connection.

55. Defendant's intentional discrimination caused Plaintiff's economic and noneconomic losses and was undertaken with malice or reckless indifference to his protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the applicable relief set out in the Prayer for Relief below.

## COUNT VI — NATIONAL ORIGIN DISCRIMINATION
**Fla. Stat. § 760.10(1)(a)**

56. Plaintiff incorporates paragraphs 1 through 32, but no other count.

57. Plaintiff is of Kurdish national origin and was qualified for his position.

58. Defendant intentionally terminated Plaintiff because of his Kurdish national origin, in violation of Fla. Stat. § 760.10(1)(a). The anti-Kurdish remarks and reporting and termination events described above support that causal connection.

59. Defendant's intentional discrimination caused Plaintiff's economic and noneconomic losses and was undertaken with malice or reckless indifference to his protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the applicable relief set out in the Prayer for Relief below.

## COUNT VII — RETALIATION
**Fla. Stat. § 760.10(7)**

60. Plaintiff incorporates paragraphs 1 through 32, but no other count.

61. Plaintiff engaged in protected opposition by complaining to SOSi program management and Human Resources about the race- and national-origin-based remarks and treatment described above.

62. Plaintiff held a good-faith, objectively reasonable belief that the practices he opposed violated the FCRA. Defendant knew of his protected opposition before completing the challenged termination decision.

63. Defendant terminated Plaintiff because of his protected opposition. Termination was materially adverse and would dissuade a reasonable worker from making or supporting a discrimination complaint.

64. Plaintiff's protected opposition was a but-for cause of his termination. But for that opposition, Defendant would not have terminated him. The timing and disputed investigation and termination chronology described above support this causal connection.

65. Defendant thereby violated Fla. Stat. § 760.10(7), causing Plaintiff's economic and noneconomic losses, and acted with malice or reckless indifference to his protected rights.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the applicable relief set out in the Prayer for Relief below.

## PRAYER FOR RELIEF

Plaintiff requests the following relief on each count to the extent authorized by the governing statute, without duplicate recovery:

A. Back pay, lost benefits, and other recoverable employment compensation;

B. Reinstatement to a comparable position or, if reinstatement is not feasible, front pay in lieu of reinstatement;

C. Compensatory damages for emotional distress, mental anguish, humiliation, loss of dignity, and other proven injuries;

D. Punitive damages to the extent authorized, subject to each applicable statutory limitation;

E. Prejudgment and postjudgment interest as permitted by law;

F. Reasonable attorney's fees and recoverable costs under 42 U.S.C. §§ 1988 and 2000e-5(k), and Fla. Stat. § 760.11(5), as applicable;

G. Appropriate equitable relief to remedy the effects of the unlawful employment practices; and

H. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 4th day of November 2026.

Respectfully submitted,
*/s/ Chad A. Justice*

**CHAD A. JUSTICE**
Florida Bar Number: 121559
Lead Counsel
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326

Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**